UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CODY LEAVITT,

    *Plaintiff*,

vs.

QUENTIN BYRNE, *et al.*,

    *Defendants*.

Case No. 2:13-cv-02035-JAD-PAL

**ORDER**

Plaintiff, a Nevada state inmate, has filed an application (Doc. 1) to proceed *in forma pauperis* seeking to initiate a civil rights action.

The pauper application submitted is incomplete. Both a financial certificate executed by an authorized institutional officer on the required form and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff attached neither.

It does not appear from review of the allegations presented that a dismissal without prejudice of the present improperly-commenced action either would materially impact the analysis of cognizability, timeliness or any other issue in a promptly-filed new action or otherwise would cause other substantial prejudice.[1]

---

[1] Plaintiff seeks to correct alleged errors in a December 2008 presentence investigation report in connection with a January 2009 sentencing in a state criminal proceeding. His claims include numerous legal and factual allegations challenging the validity of his confinement and/or the duration thereof. His claims thus either: (a) are not cognizable in a federal civil rights action as yet absent, *inter alia*, an order in a post-conviction proceeding holding that his confinement is invalid in full or in part; or (b) both accrued and became time-barred under the applicable two-year statute of limitations years ago. Dismissal of the present action without prejudice therefore will not materially

(continued...)

**IT THEREFORE IS ORDERED** that the application to proceed *in forma pauperis* (Doc. 1) is **DENIED** and that this action shall be **DISMISSED** without prejudice to the filing of a new complaint in a new action together with either a new pauper application or payment of the $350.00 filing fee.

**IT FURTHER IS ORDERED** that all pending motions are **DENIED** without prejudice.[2]

The Clerk of Court shall SEND plaintiff two copies each of the complaint and prisoner pauper forms along with one copy of the instructions for the forms and of the papers that he filed.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

Dated:  May 5, 2014.

_____
JENNIFER A. DORSEY
United States District Judge

---

[1](...continued) impact the analysis of these or other issues in a promptly filed and properly commenced new action.

[2] The Clerk of Court made docket entries for a motion for temporary restraining order and a motion for a preliminary injunction apparently based upon a one line reference to same in the complaint.  Plaintiff must file stand-alone motions in order to move for temporary and/or preliminary injunctive relief.  The papers presented in any event: (a) do not demonstrate that plaintiff has complied with the procedural requirements of Rule 65 of the Federal Rules of Civil Procedure for seeking temporary and/or preliminary injunctive relief; (b) do not reflect that plaintiff will sustain irreparable injury during the interval required to promptly file a properly-commenced new action; and (c) do not reflect that there is a substantial likelihood of success on plaintiff's claims on the allegations and showing made.  The Court defers any definitive resolution of the merits of plaintiff's claims to consideration of such issues in a properly-commenced action.  At present, the Court concludes only that the requests for temporary and/or preliminary injunctive relief do not reflect that plaintiff will sustain prejudice of substance in the interval between the dismissal of this action without prejudice and the prompt filing of a properly-commenced new action.

Nothing in this order directs, grants permission, or advises plaintiff to file any particular action in any particular court.  Nor does this order hold by implication or otherwise that plaintiff presents a viable claim that currently is cognizable in a federal civil rights action.  The present improperly-commenced action simply is being dismissed without prejudice to the filing of a new action.